UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 02 CR 200 |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 21, United States |
| TROY LAWRENCE, | ) | Code, Sections 841, 843, 846 and 860; |
|     a/k/a "Nino," "Guy," and "the Don," | ) | and Title 18, United States Code, |
| LEVERT GRIFFIN, | ) | Sections 922(g)(1), 924(c), |
|     a/k/a "LT," and "Tino," | ) | 1956(a)(1)(B) and 2. |

TROY LAWRENCE,
    a/k/a "Nino," "Guy," and "the Don,"
LEVERT GRIFFIN,
    a/k/a "LT," and "Tino,"
CAMERON WILSON,
    a/k/a "Big Cam," and "Milkman,"
GREEN SALLIS,
    a/k/a "Mufasa," and "Fasa"
PARIS LAWRENCE,
    a/k/a "Pooh," "P-Diddy," and "Diddy,"
ANDRE SEYMOUR,
    a/k/a "Nick,"
MONTEL GOINGS,
    a/k/a "Bug," "Slug," and "Sluggo,"
NINJA PALMS,
    a/k/a "Shug,"
TASHA DEERE,
    a/k/a "Rumpy,"
MARK CONNER,
    a/k/a "Big X,"
KENT CLARK,
    a/k/a "Big Daddy,"
CLARENCE IRONS,
    a/k/a "Beanie,"
STACIA SMITH,
TONDELYA HOLLINS,
    a/k/a "Toni,"
DARREN STEWART,
    a/k/a "Mouse,"
MARCHELLO DUNCAN,
    a/k/a "Chello,"
ARTREZ NYROBY SEYMOUR,
    a/k/a "Molly," and "Kato,"
JEMELL YOUNG,
    a/k/a "Smelly,"
WILLIAM KELLY,
HORANCE WHITE,

**FILED**

JUL 1 6 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE ANDERSEN

MAGISTRATE JUDGE BOBRICK

a/k/a "Holy," )
JOHN TOMASZEWSKI, )
    a/k/a "JT," )
ANDRE LAWRENCE, )
    a/k/a "Doc," )
ROGERS JORDAN, )
    a/k/a "Stallion," )
KENNETH BLAIR, )
    a/k/a "Lil Kenny," )
ANTWON WILLIAMS, )
    a/k/a "Twan," )
DEANDRE STEELE, )
    a/k/a "Long" )

## COUNT ONE

The SPECIAL FEBRUARY 2002-1 GRAND JURY charges:

1.    Beginning on a date unknown to the Grand Jury but not later than in or about 1994, and continuing until on or about March 5, 2002, at Chicago Heights, in the Northern District of Illinois, Eastern Division, and elsewhere:

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"
LEVERT GRIFFIN,
a/k/a "LT," and "Tino,"
CAMERON WILSON,
a/k/a "Big Cam," and "Milkman,"
GREEN SALLIS,
a/k/a "Mufasa," and "Fasa"
PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy,"
ANDRE SEYMOUR,
a/k/a "Nick,"
MONTEL GOINGS,
a/k/a "Bug," "Slug," and "Sluggo,"
NINJA PALMS,
a/k/a "Shug,"
TASHA DEERE,
a/k/a "Rumpy,"
MARK CONNER,
a/k/a "Big X,"
KENT CLARK,

a/k/a "Big Daddy,"
CLARENCE IRONS,
a/k/a "Beanie,"
STACIA SMITH,
DARREN STEWART,
a/k/a "Mouse,"
MARCHELLO DUNCAN,
a/k/a "Chello,"
ARTREZ NYROBY SEYMOUR,
a/k/a "Molly," and "Kato,"
JEMELL YOUNG,
a/k/a "Smelly,"
WILLIAM KELLY,
HORANCE WHITE,
a/k/a "Holy,"
JOHN TOMASZEWSKI,
a/k/a "JT,"
ANDRE LAWRENCE,
a/k/a "Doc,"
ROGERS JORDAN,
a/k/a "Stallion,"
KENNETH BLAIR,
a/k/a "Lil Kenny,"
ANTWON WILLIAMS,
a/k/a "Twan,"
DEANDRE STEELE,
a/k/a "Long"

defendants herein, did conspire and agree with each other, and with others known and unknown to the Grand Jury, (a) knowingly and intentionally to possess with intent to distribute and to distribute a controlled substance, namely, in excess of 5 kilograms grams of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and (b) knowingly and intentionally to possess with intent to distribute and to distribute a controlled substance, namely, in excess of 50 grams of mixtures and substances containing cocaine base, commonly referred to as "crack," a Schedule II Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely,

the Gavin Elementary School, in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a).

2.    It was part of the conspiracy that defendant TROY LAWRENCE directed and controlled a large-scale crack cocaine trafficking organization that sold crack cocaine to retail customers in Chicago Heights, Illinois. The organization's retail drug distribution operation operated in various locations, including across the street from the Gavin Elementary School in Chicago Heights, Illinois. This organization, among other things, obtained wholesale amounts of powder cocaine, often in kilogram quantities; processed and converted the powder cocaine into crack cocaine and repackaged the crack cocaine for retail sale; delivered the repackaged crack cocaine to "shift runners," who supervised the street sellers or "pack men"; provided security to the street sellers; collected the cash proceeds of the crack cocaine sales; and delivered the proceeds to TROY LAWRENCE.

3.    It was further part of the conspiracy that on numerous occasions, defendant TROY LAWRENCE obtained wholesale amounts of cocaine from cocaine suppliers, including co-defendants JOHN TOMASZEWSKI and MARK CONNER, sometimes on credit or consignment.

4.    It was further part of the conspiracy that at various locations in and around Chicago and Chicago Heights, including a residence owned by defendant TROY LAWRENCE and lived in by defendant ANDRE LAWRENCE at 6449 S. Claremont in Chicago, a residence at 7345 S. Rockwell, Apartment 3, in Chicago, and 1110 Franklin Avenue in Chicago Heights, TROY LAWRENCE, assisted by certain defendants, including defendants LEVERT GRIFFIN, CAMERON WILSON, GREEN SALLIS, PARIS LAWRENCE, ANDRE SEYMOUR, MONTEL GOINGS, NINJA PALMS, ANDRE LAWRENCE and STACIA SMITH processed (or "cooked") powder

cocaine that TROY LAWRENCE had obtained from cocaine suppliers into crack cocaine and repackaged the crack cocaine for retail sale.

5.     It was further part of the conspiracy that certain defendants, including defendants TROY LAWRENCE, LEVERT GRIFFIN, CAMERON WILSON, GREEN SALLIS, PARIS LAWRENCE, ANDRE SEYMOUR, MONTEL GOINGS, STACIA SMITH, TONDELYA HOLLINS and TASHA DEERE delivered repackaged crack cocaine to defendants and co-conspirators, including, at various times, defendants KENT CLARK, GREEN SALLIS, ANDRE SEYMOUR, and PARIS LAWRENCE, who in turn distributed the crack cocaine directly to the pack men and supervised the retail sale of the crack cocaine by the pack men. Moreover, on occasion, defendant CLARENCE IRONS would provide crack cocaine to the retail drug operation when it ran out. In addition, certain defendants transported drug proceeds from the retail drug distribution operation to TROY LAWRENCE. For example, on December 20, 2001, defendant CAMERON WILSON transported approximately $7440 in drug proceeds for the organization, and on January 7, 2002, defendant KENT CLARK transported approximately $7539 in drug proceeds for the organization.

6.     It was further part of the conspiracy that certain defendants were pack men, including defendants DARREN STEWART, MARCHELLO DUNCAN, ARTREZ NYROBY SEYMOUR, JEMEL YOUNG, WILLIAM KELLY, HORANCE WHITE, ANTWON WILLIAMS, ROGERS JORDAN and DEANDRE STEELE. Pack men sold the crack cocaine to users, collected cash proceeds from the retail sale of crack cocaine and delivered the proceeds to defendant TROY LAWRENCE through the shift runners.

7.     It was further part of the conspiracy that the organization at various times stored crack cocaine and proceeds from the sale of the crack cocaine at the apartment in which KENNETH

BLAIR lived, 1113 Claude Court in Chicago Heights, and in the apartment in which JEMEL YOUNG lived. BLAIR and YOUNG were paid for allowing the organization to use the apartments.

8.      It was further part of the conspiracy that defendant TROY LAWRENCE maintained a "safe house" at 7438 Beach in Hammond, Indiana. Inside the residence, defendant TROY LAWRENCE maintained a safe, in which he harbored some of the proceeds from the organization's crack cocaine sales. Defendant TROY LAWRENCE and others at his direction fortified the residence by having rolling metal shutters placed on all the windows, installed at least two security cameras on the exterior of the residence, and built a six foot privacy fence surrounding the back yard of the residence.

9.      It was further part of the conspiracy that certain defendants possessed and carried firearms, and otherwise provided security to defendant TROY LAWRENCE's crack cocaine trafficking organization, to advance the conspiracy's objectives of selling crack cocaine and to preserve and protect the crack cocaine, as well as the proceeds of the narcotics sales.

10.      It was a further part of the conspiracy that TROY LAWRENCE regularly called meetings, during which the distribution of narcotics by members of the organization and protection from rival drug dealers and law enforcement investigation was discussed.

11.      It was further part of the conspiracy that defendant TROY LAWRENCE operated a restaurant named TL's Off the Hook, through which he funneled drug proceeds in an attempt to make such proceeds appear legitimate. Moreover, certain defendants delivered drugs and drug proceeds to TROY LAWRENCE and other co-conspirators at TL's Off the Hook.

12.      It was further part of the conspiracy that certain defendants, including defendant TROY LAWRENCE, meted out punishment to members of TROY LAWRENCE's crack cocaine trafficking organization and others who were determined to have, or were suspected of having, stolen

crack cocaine (or proceeds of crack cocaine sales) or committed other acts deemed detrimental to the conspiracy's objectives, such as giving statements to law enforcement regarding the organization. This punishment consisted of, among other things, beatings and other physical assaults, as well as temporary loss of employment by the organization. For example, on or about December 11, 2001, TROY LAWRENCE and other defendants beat co-defendant JEMEL YOUNG for having provided to the Chicago Heights Police Department a statement detailing his own role in the organization and others' roles.

13. It was further part of the conspiracy that defendant TROY LAWRENCE, directly or through other defendants, posted bond money and paid attorneys' fees for certain members of his crack cocaine trafficking organization who had been arrested while transporting, distributing, or selling crack cocaine on behalf of the organization. Upon their release from custody, certain of these persons resumed selling crack cocaine on behalf of the organization and thereby generated additional narcotics proceeds for TROY LAWRENCE.

14. It was further part of the conspiracy that certain defendants regularly called to and from cellular telephones, many of which were acquired for the organization by defendant TONDELYA HOLLINS, and land-line telephones, and used text messaging pagers, to facilitate their drug transactions.

15. It was further part of the conspiracy that the defendants and other co-conspirators would and did conceal and hide, and cause to be concealed and hidden, the purposes of the acts done in furtherance of the conspiracy, and would and did use coded language, surveillance and counter-surveillance techniques, and other means to avoid detection and apprehension by law enforcement authorities and otherwise to provide security to the members of the conspiracy;

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about May 30, 2000, in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, knowingly conducted a financial transaction affecting interstate commerce, namely, the payment of approximately $30,601, to purchase a single family residence at 6449 S. Claremont in Chicago, which transaction involved the proceeds of specified unlawful activity, namely, the distribution of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the source, the ownership, and the control of the proceeds of such specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT THREE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about April 18, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy,"
DARREN STEWART,
a/k/a "Mouse," and
WILLIAM KELLY,

defendants herein, did knowingly and intentionally distribute a controlled substance, namely, approximately 11.1 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about April 24, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

HORANCE WHITE,
a/k/a "Holy,"

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, approximately 11.5 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about May 8, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

MARCHELLO DUNCAN,
a/k/a "Chello,"

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, approximately 18.7 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

## COUNT SIX

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about May 22, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy," and
DARREN STEWART,
a/k/a "Mouse,"

defendants herein, did knowingly and intentionally distribute a controlled substance, namely, approximately 20.3 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

## COUNT SEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about May 25, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy," and
ROGERS JORDAN,
a/k/a "Stallion,"

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, approximately 47.7 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

## COUNT EIGHT

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about June 4, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois,

Eastern Division,

GREEN SALLIS,
a/k/a "Mufasa," and "Fasa," and
PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy,"

defendants herein, did knowingly and intentionally distribute a controlled substance, namely,

approximately 44.1 grams of mixtures and substances containing cocaine base, commonly referred

to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet

of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18,

United States Code, Section 2.

## COUNT NINE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about June 28, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

ANDRE SEYMOUR,
a/k/a "Nick," and
MARCHELLO DUNCAN,
a/k/a "Chello,"

defendants herein, did knowingly and intentionally distribute a controlled substance, namely, approximately 18.8 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

## COUNT TEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about October 19, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

JEMEL YOUNG,
a/k/a "Smelly,"

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, approximately .36 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School;

In violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about November 4, 2001, at approximately 4:40 p.m., in the Northern District of Illinois, Eastern Division,

**TROY LAWRENCE,**
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant TROY LAWRENCE and defendant LEVERT GRIFFIN discussed processing and packaging crack cocaine to be taken to the retail drug distribution operation;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWELVE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about November 17, 2001, at approximately 8:28 p.m., in the Northern District of Illinois, Eastern Division,

PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant PARIS LAWRENCE and defendant LEVERT GRIFFIN discussed the placement of security at the retail drug distribution operation;

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 15, 2001, at approximately 12:47 p.m., in the Northern District of Illinois, Eastern Division,

PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant PARIS LAWRENCE and defendant LEVERT GRIFFIN discussed providing additional crack cocaine to the retail drug distribution location;

In violation of Title 21, United States Code, Section 843(b).

## COUNT FOURTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 19, 2001, at approximately 11:27 p.m., in the Northern District of Illinois, Eastern Division,

CAMERON WILSON,
a/k/a "Big Cam," and "Milkman," and

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a text pager, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant CAMERON WILSON and defendant TROY LAWRENCE discussed proceeds from the sale of crack cocaine at the retail drug distribution operation;

In violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 19, 2001, at approximately 11:47 p.m., in the Northern District of Illinois, Eastern Division,

ANDRE SEYMOUR,
a/k/a "Nick,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant ANDRE SEYMOUR and defendant LEVERT GRIFFIN discussed bringing more crack cocaine to the retail drug distribution location;

In violation of Title 21, United States Code, Section 843(b).

## COUNT SIXTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 22, 2001, at approximately 12:26 p.m., in the Northern District of

Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility,

namely, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to

distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that

is, defendant TROY LAWRENCE and defendant LEVERT GRIFFIN discussed processing and

packaging crack cocaine to be taken to the retail drug distribution operation;

In violation of Title 21, United States Code, Section 843(b).

## COUNT SEVENTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 26, 2001, in the vicinity of 14th Street and Wentworth Avenue, Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

LEVERT GRIFFEN,
a/k/a "LT," and "Tino," and
TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendants herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, approximately 10.9 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 26, 2001, in the vicinity of Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely a violation of Title 21, United States Code, Sections 841(a)(1) and Title 18 United States Code, Section 2, as more fully described in Count Seventeen of this indictment, in furtherance of the drug trafficking crime, knowingly possessed a firearm, namely a Desert Eagle .50 caliber semi-automatic hand gun, serial number 95202486, loaded with six live rounds in the magazine;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT NINETEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 26, 2001, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to defendant's possession of the firearm, namely, a Desert Eagle .50 caliber semi-automatic hand gun, serial number 95202486, loaded with six live rounds in the magazine;

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT TWENTY**

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about December 26, 2001, at approximately 10:14 p.m., in the Northern District of Illinois, Eastern Division,

TONDELYA HOLLINS,

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, e-mail, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant TONDELYA HOLLINS and defendant TROY LAWRENCE discussed HOLLINS having LEVERT GRIFFIN'S phone disconnected after GRIFFIN was arrested by the Chicago Heights Police Department;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-ONE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 10, 2002, at approximately 12:18 p.m., in the Northern District of Illinois, Eastern Division,

STACIA SMITH, and
TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant STACIA SMITH and defendant TROY LAWRENCE discussed SMITH transporting crack cocaine to the retail drug distribution location;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-TWO

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 15, 2002, at approximately 9:51 p.m., in the Northern District of Illinois, Eastern Division,

TONDELYA HOLLINS, and
TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant TONDELYA HOLLINS and defendant TROY LAWRENCE discussed HOLLINS counting the proceeds from sales of crack cocaine at the retail drug distribution location;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-THREE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 16, 2002, at approximately 6:24 p.m., in the Northern District of Illinois, Eastern Division,

JOHN TOMASZEWSKI,
a/k/a "JT," and,
TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant JOHN TOMASZEWSKI and defendant TROY LAWRENCE discussed a drug transaction for wholesale quantities of cocaine;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-FOUR

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 24, 2002, in the vicinity of 104 Halsted Street, Chicago Heights, Illinois,

in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"
MONTEL GOINGS,
a/k/a "Bug," "Slug," and "Sluggo," and
TASHA DEERE,
a/k/a "Rumpy,"

defendants herein, did knowingly and intentionally possess with intent to distribute a controlled

substance, namely, approximately 227 grams of mixtures and substances containing cocaine base,

commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States

Code, Section 2.

## COUNT TWENTY-FIVE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 24, 2002, at 19821 Park Ave., Apt. 1S, Lynnwood, Illinois, in the

Northern District of Illinois, Eastern Division,

STACIA SMITH, and
TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendants herein, during and in relation to a drug trafficking crime for which they may be

prosecuted in a court of the United States, namely a violation of Title 21, United States Code,

Section 846, as more fully described in Count One of this indictment, in furtherance of the drug

trafficking crime, knowingly possessed a firearm, namely an Intratec Model AB-10 semi-auto

handgun, serial number A010920, loaded with one live round and a detached magazine containing

twelve live rounds of 9 mm ammunition;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and (B) and 2.

## COUNT TWENTY-SIX

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 24, 2002, at 19821 Park Ave., Apt. 1S, Lynnwood, Illinois, in the

Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment

exceeding one year, knowingly possessed a firearm, in and affecting interstate commerce in that the

firearm had traveled in interstate commerce prior to defendant's possession of the firearm, namely,

an Intratec Model AB-10 semi-auto handgun, serial number A010920, loaded with one live round

and a detached magazine containing twelve live rounds of 9 mm ammunition;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-SEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 24, 2002, at approximately 11:23 p.m., in the Northern District of Illinois, Eastern Division,

STACIA SMITH, and
TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment, and a felony violation of Title 18, United States Code, Section 924(c), namely, possession of a firearm in relation to a drug trafficking offense, as charged in Count Twenty-Five of this Indictment; that is, defendant STACIA SMITH and defendant TROY LAWRENCE discussed SMITH transporting a firearm to TROY LAWRENCE;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-EIGHT

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 25, 2002, at approximately 5:42 p.m., in the Northern District of Illinois, Eastern Division,

KENT CLARK,
a/k/a "Big Daddy," and
TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant KENT CLARK and defendant TROY LAWRENCE discussed CLARK taking two firearms to the retail drug distribution location;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-NINE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 27, 2002, at Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

CAMERON WILSON,
a/k/a "Big Cam," and "Milkman,"

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, approximately 211 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTY

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 27, 2002, at approximately 3:45 a.m., in the Northern District of Illinois, Eastern Division,

CAMERON WILSON,
a/k/a "Big Cam," and "Milkman,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment, and a felony violation of Title 21, United States Code, Section 841(a)(1), namely, possession with intent to distribute a controlled substance, as charged in Count Twenty-Nine of this Indictment; that is, defendant CAMERON WILSON and defendant TROY LAWRENCE discussed WILSON taking additional crack cocaine to the retail drug distribution location;

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-ONE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 27, 2002, at approximately 4:38 a.m., in the Northern District of Illinois, Eastern Division,

CLARENCE IRONS,
a/k/a "Beanie,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant CLARENCE IRONS and defendant TROY LAWRENCE discussed the stop made by law enforcement of defendant CAMERON WILSON and the possibility that members of the conspiracy were cooperating with law enforcement;

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-TWO

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 27, 2002, at approximately 4:56 a.m., in the Northern District of Illinois, Eastern Division,

CLARENCE IRONS,
a/k/a "Beanie,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant CLARENCE IRONS and defendant TROY LAWRENCE discussed the stop made by law enforcement of defendant CAMERON WILSON, the ability of other members of the conspiracy to assist WILSON in evading law enforcement and the possibility that phones used by members of the conspiracy were being intercepted by law enforcement;

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-THREE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 27, 2002, at approximately 1:53 p.m., in the Northern District of Illinois, Eastern Division,

CLARENCE IRONS,
a/k/a "Beanie,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment; that is, defendant CLARENCE IRONS and defendant TROY LAWRENCE discussed the operation of the retail drug distribution location and the possibility that phones used by members of the conspiracy were being intercepted by law enforcement;

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-FOUR

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about February 5, 2002, in the vicinity of the exit ramp from Interstate Highway 394 to Interstate Highway 80, Lansing, Illinois, in the Northern District of Illinois, Eastern Division,

JOHN TOMASZEWSKI,
a/k/a "JT,"

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, approximately 4446 grams of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Sections 841(a)(1).

## COUNT THIRTY-FIVE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about February 5, 2002, in the vicinity of the exit ramp from Interstate Highway 394 to Interstate Highway 80, Lansing, Illinois, in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, namely, approximately 4446 grams of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Sections 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THIRTY-SIX

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about February 5, 2002, at approximately 7:48 p.m., in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don," and
JOHN TOMASZEWSKI,
a/k/a "JT,"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment, and a felony violations of Title 21, United States Code, Section 841(a)(1), namely, possession with intent to distribute a controlled substance and attempted possession with intent to distribute a controlled substance, as charged in Counts Thirty-Four and Thirty-Five of this Indictment; that is, defendant TROY LAWRENCE and defendant JOHN TOMASZEWSKI discussed their attempted drug transaction for five kilograms of cocaine;

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-SEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about March 4, 2002, at 7345 S. Rockwell 3rd Floor, Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, approximately 496.4 grams of mixtures and substances containing cocaine a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THIRTY-EIGHT

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about March 4, 2002, at 1110 Franklin Avenue, Chicago Heights, Illinois, in the Northern District of Illinois, Eastern Division,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don," and
TASHA DEERE,
a/k/a "Rumpy,"

defendants herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, approximately 324.2 grams of mixtures and substances containing cocaine base, commonly referred to as "crack cocaine," a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THIRTY-NINE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about March 5, 2002, at 6449 South Claremont Avenue, Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

ANDRE LAWRENCE,
a/k/a "Doc,"

defendant herein, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely a violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18 United States Code, Section 2, as more fully described in Count One of this indictment, in furtherance of the drug trafficking crime, knowingly possessed firearms, namely,

one loaded .32 caliber, Salvage Arms, semiautomatic firearm, serial number 82667, and

one loaded 9 mm Berretta, semiautomatic firearm, serial number BER097430;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FORTY

The SPECIAL FEBRUARY 2002-1 GRAND JURY charges:

On or about March 5, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

ANDRE LAWRENCE,

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed firearms, in and affecting interstate commerce in that the firearms had traveled in interstate commerce prior to defendant's possession of the firearms, namely,

one loaded .32 caliber, Salvage Arms, semiautomatic firearm, serial number 82667, and

one loaded 9 mm Berretta, semiautomatic firearm, serial number BER097430;

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATIONS

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.    The allegations of Counts One through Forty of this Indictment are realleged and fully incorporated herein for the purpose of alleging forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2.    As a result of the offenses alleged in Counts One through Forty of this Indictment,

TROY LAWRENCE,
a/k/a "Nino," "Guy," and "the Don,"
LEVERT GRIFFIN,
a/k/a "LT," and "Tino,"
CAMERON WILSON,
a/k/a "Big Cam," and "Milkman,"
GREEN SALLIS,
a/k/a "Mufasa," and "Fasa"
PARIS LAWRENCE,
a/k/a "Pooh," "P-Diddy," and "Diddy,"
ANDRE SEYMOUR,
a/k/a "Nick,"
MONTEL GOINGS,
a/k/a "Bug," "Slug," and "Sluggo,"
NINJA PALMS,
a/k/a "Shug,"
TASHA DEERE,
a/k/a "Rumpy,"
MARK CONNER,
a/k/a "Big X,"
KENT CLARK,
a/k/a "Big Daddy,"
CLARENCE IRONS,
a/k/a "Beanie,"
STACIA SMITH,
DARREN STEWART,
a/k/a "Mouse,"
MARCHELLO DUNCAN,
a/k/a "Chello,"
ARTREZ NYROBY SEYMOUR,
a/k/a "Molly," and "Kato,"
JEMELL YOUNG,
a/k/a "Smelly,"

WILLIAM KELLY,
HORANCE WHITE,
a/k/a "Holy,"
JOHN TOMASZEWSKI,
a/k/a "JT,"
ANDRE LAWRENCE,
a/k/a "Doc,"
ROGERS JORDAN,
a/k/a "Stallion,"
KENNETH BLAIR,
a/k/a "Lil Kenny,"
ANTWON WILLIAMS,
a/k/a "Twan,"
DEANDRE STEELE,
a/k/a "Long"

defendants herein, have subjected to forfeiture to the United States, pursuant to Title 21, United

States Code, Section 853(a)(1) and (2), the following property and interests:

    i.    All property constituting or derived from the proceeds the defendants obtained, directly or indirectly, as a result of their violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, as charged in this Indictment.

    ii.    All property used or intended to be used in any manner or part to commit or facilitate the commission of the defendants' violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, as charged in this Indictment.

    3.    The interests of the defendants subject to forfeiture to the United States, pursuant to

Title 21, United States Code, Section 853, include, but are not limited to, the following:

    i.    $10,000,000.00 in United States Currency;

    ii.    The real property commonly known as 7438 Beech, Hammond, Indiana, and legally described as follows:

        LOT 19, BLOCK 1, OAK GROVE IN THE CITY OF HAMMOND, AS SHOWN IN FLAT BOOK 20, PAGE 7, IN LAKE COUNTY INDIANA

    iii.    The contents of the real property commonly known as 7438 Beech, Hammond, Indiana, and legally described above, including, but not limited to the following items seized from the property on March 5, 2002:

$171,980.71 in United States Currency; Assorted Jewelry valued at $14,320.00; Assorted Electronics equipment valued at $5,020; one AMT 9 mm Kurz, serial number DA14898; one Glock model 26, serial number CCV678; one firearm flash suppressor; and various firearm ammunition;

iv. The real property commonly known as 6449 S. Claremont, Chicago, Illinois, and legally described as follows:

LOT 29 IN SOUTH LYNN, BEING A SUBDIVISION IN THE NORTH ½ OF SECTION 19, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, PIN 20-19-109-019

v. The contents of the real property commonly known as 6449 S. Claremont, Chicago, Illinois, and legally described above, including, but not limited to, the following items seized from the property on March 5, 2002: $5573 United States Currency; one loaded .32 caliber, Salvage Arms, semiautomatic firearm, serial number 82667; one loaded 9 mm Berretta, semiautomatic firearm, serial number BER097430m; one ballistic proof vest; and various firearm ammunition;

vi. The real property commonly known as 23943 Plum Valley Drive, Crete, Illinois, and legally described as follows:

LOT 101, SUBDIVISION PLUM VALLEY UNIT #2 SOUTHWEST, SECTION 06, TOWNSHIP 34 NORTH, RANGE 15E

vii. The contents of the real property commonly known as 23943 Plum Valley Drive, Crete, Illinois, and legally described above;

viii. A 1999 Chevrolet Corvette, VIN:1G1YY32G0X5124606;

ix. A 1985 Pontiac Grand Prix, VIN: 2G2GK37A9F2251748;

x. $10,100.26 from Mutual Bank savings account number 352411

xi. $60,105.90 from Mutual Bank checking account number 654876

xii. $8,783.26 from Mutual Bank checking account number 136980

xiii. $7,440 United States Currency seized from defendant CAMERON WILSON on December 20, 2001

xiv. $7,539.00 United States Currency seized from defendant KENT CLARK on January 7, 2002

xv.   Miscellaneous jewelry seized from defendant TROY LAWRENCE on March 4, 2002, valued at $7150.00

xvi.   A Desert Eagle .50 caliber semi-automatic hand gun, serial number 95202486, loaded with six live rounds in the magazine;

xvii.   An Intratec Model AB-10 semi-auto handgun, serial number A010920, loaded with one live round and a detached magazine containing twelve live rounds of 9 mm ammunition;

xviii.   One Mags Huntsman, model 25, 12 gauge shotgun, serial number L20336;

xix.   One Hi-Point Model GF .380 caliber ACP semi-automatic pistol, with two magazines and eight rounds of ammunition;

xx.   One Glock, 9 mm semi-automatic handgun, serial number EMW256, with one extended 9 mm clip containing 15 live rounds;

xxi.   One Glock, 9 mm semi-automatic handgun, serial number CCV678, with two magazines, each containing 10 live rounds, and one box of ammunition containing 46 live rounds;

xxii.   One Smith & Wesson, .38 caliber pistol, serial number 153121 and one box of .38 caliber ammunition;

xxiii.   One Salvage Arms, .32 caliber semiautomatic firearm, serial number 82667;

xxiv.   One Berretta, 9 mm semiautomatic firearm, serial number BER097430, with one magazine containing 14 live rounds and another magazine with 10 live rounds; and

xxv.   One Ruger Model P90DC .45 mm handgun, serial number 661-24266, with five live rounds.

4.   If any of the property and funds described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

i.   Cannot be located upon the exercise of due diligence;

ii.   Has been transferred or sold to, or deposited with, a third person;

iii.     Has been placed beyond the jurisdiction of the Court;

iv.     Has been substantially diminished in value; or

v.     Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property under the provisions of

Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

TROY LAWRENCE, a/k/a "Nino," "Guy," and "the Don,"
LEVERT GRIFFIN, a/k/a "LT," and "Tino,"
CAMERON WILSON, a/k/a "Big Cam," and "Milkman,"
GREEN SALLIS, a/k/a "Mufasa," and "Fasa"
PARIS LAWRENCE, a/k/a "Pooh," "P-Diddy," and "Diddy,"
ANDRE SEYMOUR, a/k/a "Nick,"
MONTEL GOINGS, a/k/a "Bug,"
NINJA PALMS, a/k/a "Shug," "Slug," and "Sluggo,"
TASHA DEERE, a/k/a "Rumpy,"
MARK CONNER, a/k/a "Big X,"
KENT CLARK, a/k/a "Big Daddy,"
CLARENCE IRONS, a/k/aBeanie,"
STACIA SMITH,
TONDELYA HOLLINS, a/k/a "Toni,"
DARREN STEWART, a/k/a "Mouse,"
MARCHELLO DUNCAN, a/k/a "Chello,"
ARTREZ NYROBY SEYMOUR, a/k/a "Molly," and "Kato,"
JEMELL YOUNG, a/k/a "Smelly,"
WILLIAM KELLY,
HORANCE WHITE, a/k/a "Holy,"
JOHN TOMASZEWSKI,a/k/a "JT,"
ANDRE LAWRENCE, a/k/a "Doc,"
ROGERS JORDAN, a/k/a "Stallion,"
KENNETH BLAIR, a/k/a "Lil Kenny,"
ANTWON WILLIAMS, a/k/a "Twan,"
DEANDRE STEELE, a/k/a "Long")

**I N D I C T M E N T**

Violations:

21 U.S.C., §§ 841, 843, 846 and 860; and
18 U.S.C., §§ 922(g)(1), 924(c), 1956(a)(1)(B) and 2

A true bill,

_____
Foreman

Filed in open court this ____ day of _July_, A.D. 2002

_____
MICHAEL W. DOBBINS
Clerk

_____

Bail) $ _____