# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 CR 200 - 1,6,11,12,17,22 | **DATE** | 11/7/2003 |
| **CASE TITLE** | United States of America vs. Troy Lawrence et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Motion [550-1] is denied. Motion [573-1] is granted. Motion [575-1] is denied. Clarence Iron's Rule 404(b) motion is granted. Andre Seymour, Kent Clark, Clarence Irons, Andre Lawrence and Nyroby Seymour's motions for judgment of acquittal are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone. | NOV 1 4 2003 date docketed | 624 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 02 CR 200 |
| TROY LAWRENCE, *et al.* | ) ) | Judge Wayne R. Andersen |
| Defendants. | ) ) | |

DOCKETED
NOV 14 2003

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the following motions: Troy Lawrence's motion for production of the transcripts and documents initialed by the witness Lavert Griffin; Troy Lawrence's motion for the Court to reveal the content of the government's ex parte motion regarding a witness; Troy Lawrence's motion for a mistrial; Clarence Irons' Rule 404(b) motion; Clarence Irons' motion for judgment of acquittal; Kent Clark's motion for judgment of acquittal; Andre Seymour's motion for judgment of acquittal; Nyroby Seymour's motion for judgment of acquittal; and Andre Lawrence's motion for judgment of acquittal. For the following reasons, the motions are granted in part and denied in part.

I. **Troy Lawrence's Motion For Production Of The Transcripts And Documents Initialed By The Witness Lavert Griffin (# 550)**

Troy Lawrence seeks an order requiring the government to produce the transcripts and documents initialed by the witness Lavert Griffin for the reasons stated in open court. We deny this motion because the Court has reviewed, in camera, the documents initialed by Lavert Griffin.

The Court finds the changes made by the witness to be minor and not relevant to the issues presented in this case. Therefore, the motion is denied.

## II. Troy Lawrence's Motion For The Court To Reveal The Content Of The Government's Ex Parte Motion Regarding A Witness (# 573)

On September 30, 2003, the government filed an ex parte motion regarding a witness in the case. The Court reviewed the government's motion and found that the information pertaining to the witness was inadmissible and immaterial to the issues involved in the current case. Troy Lawrence has now filed a motion requesting that the Court reveal the content of the government's ex parte motion. We grant this motion and order the government to reveal the contents of the motion to the defendants, although our original ruling as to the admissibility of the information regarding the witness remains in effect.

## III. Troy Lawrence's Motion For Mistrial (# 575)

Troy Lawrence seeks a mistrial because the government elicited testimony from Green Sallis of an alleged shooting incident, the "B.D. Doug" incident, in which some of the defendants on trial are alleged to have been shooting at other individuals. Lawrence argues that this shooting activity is uncharged conduct and the government did not give notice pursuant to Rule 404(b) of the Federal Rules of Evidence of this information or the government's intention to use it.

We deny this motion. Rule 404(b) does not require disclosure of this evidence because it is part of the conspiracy. Even if defendants were not aware of this testimony prior to trial, defendants have had ample opportunity to prepare a defense and present evidence to contradict the testimony. Therefore, defendants have not suffered prejudice.

For these reasons, Troy Lawrence's motion for a mistrial is denied.

### IV. Clarence Irons' Rule 404(b) Motion

Clarence Irons seeks to bar the government's introduction of his prior conviction. Irons argues that the government failed to identify, until almost the end of its case, the purpose for which it was intending to introduce this evidence. Irons argues that this evidence is barred, pursuant to Rule 404(b), because the government did not give reasonable notice of the purpose for which they were intending to introduce 404(b) evidence.

We grant Irons' motion for the reasons stated in open court. The prejudice to defendant Irons in admitting this evidence is great. Therefore, we hold that the government is barred from introducing evidence of Clarence Irons' prior conviction as part of its case.

### V. Defendants Motions For Judgment Of Acquittal

#### A. Andre Seymour

Andre Seymour has moved, pursuant to Fed.R.Crim.P. 29, for a judgment of acquittal. We deny Andre Seymour's motion for judgment of acquittal. When viewing the evidence in the light most favorable to the government, as we are required to do in ruling on a Rule 29 motion, we find that there is adequate evidence in the record from which a rational jury could find Andre Seymour guilty of the offenses charged in the indictment. Therefore, Andre Seymour's motion for judgment of acquittal is denied.

#### B. Kent Clark

Kent Clark has moved, pursuant to Fed.R.Crim.P. 29, for a judgment of acquittal. We deny Kent Clark's motion for judgment of acquittal. When viewing the evidence in the light most favorable to the government, as we are required to do in ruling on a Rule 29 motion, we find that there is adequate evidence in the record from which a rational jury could find Kent

Clark guilty of the offenses charged in the indictment. Therefore, Kent Clark's motion for judgment of acquittal is denied.

### C. Clarence Irons

Clarence Irons has moved, pursuant to Fed.R.Crim.P. 29, for a judgment of acquittal. We deny Clarence Irons' motion for judgment of acquittal. When viewing the evidence in the light most favorable to the government, as we are required to do in ruling on a Rule 29 motion, we find that there is adequate evidence in the record from which a rational jury could find Clarence Irons guilty of the offenses charged in the indictment. Therefore, Clarence Irons' motion for judgment of acquittal is denied.

### D. Andre Lawrence

Andre Lawrence has moved, pursuant to Fed.R.Crim.P. 29, for a judgment of acquittal. We deny Andre Lawrence's motion for judgment of acquittal. When viewing the evidence in the light most favorable to the government, as we are required to do in ruling on a Rule 29 motion, we find that there is adequate evidence in the record from which a rational jury could find Andre Lawrence's guilty of the offenses charged in the indictment. Therefore, Andre Lawrence's motion for judgment of acquittal is denied.

### E. Nyroby Seymour

Nyroby Seymour has moved, pursuant to Fed.R.Crim.P. 29, for a judgment of acquittal. We deny Nyroby Seymour's motion for judgment of acquittal. When viewing the evidence in the light most favorable to the government, as we are required to do in ruling on a Rule 29 motion, we find that there is adequate evidence in the record from which a rational jury could find

Nyroby Seymour guilty of the offenses charged in the indictment. Therefore, Nyroby Seymour's motion for judgment of acquittal is denied.

## CONCLUSION

For the foregoing reasons, we make the following rulings:

Troy Lawrence's motion for production of the transcripts and documents initialed by the witness Lavert Griffin (# 550) is denied;

Troy Lawrence's motion for the court to reveal the content of the government's ex parte motion regarding a witness (#573) is granted;

Troy Lawrence's motion for a mistrial (# 575) is denied;

Clarence Irons' Rule 404(b) motion is granted;

Andre Seymour's motion for judgment of acquittal is denied;

Kent Clark's motion for judgment of acquittal is denied;

Clarence Irons' motion for judgment of acquittal is denied;

Andre Lawrence's motion for judgment of acquittal is denied; and

Nyroby Seymour's motion for judgment of acquittal is denied;

Date: November 7, 2003

Wayne R. Andersen
United States District Judge

5